UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
TBS OCEAN CARRIERS, LTD.,            :
                                     :
                Plaintiff,           :
                                     :
        -against-                    :
                                     :
HANJIN TRANSPORTATION CO., LTD.,     :
                                     :
                Defendant.           :
------------------------------------x

07 CIV 8481

ECF
**VERIFIED COMPLAINT**

JUDGE LYNCH

RECEIVED OCT 0 1 2007 U.S.D.C., S.D.N.Y. CASHIERS

       Plaintiff, TBS OCEAN CARRIERS, LTD., (hereinafter referred to as "Plaintiff"), by and through its attorneys, Cardillo & Corbett, as and for its Verified Complaint against the Defendant, HANJIN TRANSPORTATION CO., LTD.,(hereinafter referred to as "Defendant") alleges, upon information and belief, as follows:

### JURISDICTION

       1.   This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

### THE PARTIES

       2.   At all times material to this action, Plaintiff was, and still is, a foreign company duly organized and existing under the laws of the Marshall Islands with an address at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, Marshall Islands MH96960.

3. Upon information and belief, Defendant was, and still is a foreign corporation, or other business entity, organized under, and existing by virtue of the laws of South Korea, with an address at 21st Floor, Marine Center 118, Namdaemunro 2-GA, Jung-Gu, Seoul, Korea.

## DEFENDANT'S BREACH OF CONTRACT

4. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-3 of this Complaint as if set forth at length herein.

5. Plaintiff and Defendant entered into a time charter party dated June 28, 2007, whereby Plaintiff, as Disponent Owners, let and Defendant, as Charterers, hired the M/V MIAMI MAIDEN (the "Vessel") for one time-chartered trip from the Far East to the Middle East (the "Charter Party").

6. Under the terms of the Charter Party, Defendant is obligated to pay hire up to the estimated date of redelivery. The amount of hire due and payable by Defendant is $485,395.18, which amount Defendant has failed and refused to pay.

7. After accepting delivery of the Vessel under the Charter Party, Defendant loaded a cargo of steel products at the port of Inchon, South Korea.

8. Upon information and belief, Defendant issued more than one original bill of lading for the same cargo in breach of the Charter Party.

9. Upon information and belief, Defendant, as carrier, issued a bill of lading dated July 26, 2007, for the full cargo of steel products loaded at Inchon. That bill of lading shows Gulf Agency Denizlik A.S. as the Consignee and Notify Party. A copy of that bill of lading is attached hereto as Exhibit 1.

10. Defendant, as carrier, issued another bill of lading dated July 20, 2007, for part of the cargo included under the bill of lading referred to in Paragraph 8 herein. The bill of lading dated July 20, 2007, purports to cover 925 bundles of steel beams (the "Bogac Cargo"). The bill of lading covering the Bogac Cargo shows a bank as the Consignee and Bogac Profil Demir Celik San Tic A.S. of Instanbul, Turkey ("Bogac"), as the Notify Party. Both bills of lading show Dilisklesi, Turkey, as the port of discharge. A copy of the bill of lading covering the Bogac Cargo is attached hereto as Exhibit 2.

11. The Vessel discharged the Bogac Cargo at Dilisklesi and then sailed for Hereke Port, Turkey, to discharge additional cargo loaded on board the Vessel by Defendant.

12. The Vessel was arrested on or about September 21, 2007, while at Hereke Port, pursuant to an application to the Turkish court by Bogac who alleges that upon delivery of the Bogac Cargo it determined there was shortage of bundles of steel beams. The claim filed by Bogac with the Court is in the amount of Euros 200,000. Bogac, however, has demanded that Plaintiff establish security in the amount of Euros 260,000, and Plaintiff may have to establish security in that higher amount in order for the Vessel to be permitted to sail from Hereke Port.

13. Plaintiff tendered a letter by its P&I Club to Bogac to attempt to obtain the release of the vessel, but Bogac has demanded that Plaintiff establish instead a bank guarantee, which Plaintiff will attempt to arrange. The Vessel, therefore, remains under arrest at Hereke Port.

14. Under the express terms of the Charter Party Defendant is "to perform all cargo handling including but not limited to loading/lashing/unlashing/securing/tallying/trimming/stowing/dunnaging/discharging at [its] risk and expense".

15. In addition, Defendant pursuant to the express terms of the Charter Party guaranteed that its liability under the Charter Party, including liability for claims for cargo damage, would be covered by a P&I Club that is a member of the International Group of P&I Clubs.

4

16. The International Group of P&I Clubs is a group of thirteen insurance associations or clubs that provide liability cover for approximately 90% of the world's ocean going tonnage (See, http://www.igpandi.org/index.php?).

17. Defendant breached the Charter Party by entering their liability under the Charter Party with an organization, RaetsClub Marine Insurance B.V., that is not a member of the International Group of P&I Clubs.

18. In view of the facts that Defendant issued two bills of lading for the same cargo, that it issued both bills of lading as carrier, and that all aspects of cargo handling were at Defendant's risk and expense under the express terms of the Charter Party, Plaintiff demanded that Defendant establish adequate security in favor of Bogac to prevent the arrest of the Vessel, and later to obtain its release, but Defendant has failed and refused to do so. Instead of offering adequate security directly to Bogac to obtain the release of the Vessel, Defendant has offered a Letter of Undertaking to Plaintiff, and not to Bogac, to be issued by an insurance association that is not a member of the International Group of P&I Clubs, and thus insufficient under the terms of the Charter Party.

19. Plaintiff has a claim against Defendant for breach of Charter Party for any and all damages for which it may be held liable in connection with the alleged shortage of

the Bogac Cargo, and for all costs incurred in connection with the defense of the claim by Bogac.

20. By reason of the aforesaid, Plaintiff has suffered damages in the amount of $853,248.38, so near as the same can be estimated at present, no part of which has been paid although duly demanded, and is entitled to interest, attorneys' fees and costs as set forth below.

### LONDON ARBITRATION

21. Plaintiff's claims against Defendant are subject to arbitration in London governed by English law pursuant to the terms of the Charter Party, and plaintiff has commenced arbitration in London against Defendant.

### PLAINTIFF'S DAMAGES

22. Interest costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings under English law. As best as can now be estimated, Plaintiff expects to recover the following amounts from Defendant:

| | | |
|---|---|---:|
| A. | Principal claim: | $853,248.38 |
| B. | Interest, arbitration fees and attorneys' fees: | $275,000.00 |
| | Total: | $1,128,248.38 |

### DEFENDANT NOT FOUND WITHIN THE DISTRICT

23. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules

for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, property within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are believed to be due and owing to the Defendant.

24.  The Plaintiff seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure Plaintiff's claim as described above.

**WHEREFORE,** Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN Amro Bank NV, American Express Bank, Bank of America, Bank of Communications Co. Ltd. New York Branch, Bank of New York, Barclays Bank, BNP Paribas, Citibank, Deutsche Bank, HSBC (USA) Bank, J.P. Morgan Chase, Standard Chartered Bank, UBS AG and/or Wachovia Bank, which are due and owing to the Defendant, in the amount of $1,128,248.38 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D. That the Plaintiff has such other, further and

different relief as the Court may deem just and proper.

Dated:    New York, New York
          October 1, 2007

                                       CARDILLO & CORBETT
                                       Attorneys for Plaintiff
                                       TBS OCEAN CARRIERS, LTD.

By: _____/s/ Tulio R. Prieto_____
                                       Tulio R. Prieto (TP 8455)

                                       Office and P.O. Address
                                       29 Broadway, Suite 1710
                                       New York, New York 10006
                                       Tel: (212) 344-0464
                                       Fax: (212) 797-1212

**ATTORNEY'S VERIFICATION**

State of New York )
                 ) ss.:
County of New York)

1. My name is Tulio R. Prieto.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am a partner in the firm of Cardillo & Corbett, attorneys for the Plaintiff.

4. I have read the foregoing Verified Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiff is that the Plaintiff is a business organization with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiff and agents and/or representatives of the Plaintiff.

7. I am authorized to make this Verification on

behalf of the Plaintiff.

_____
Tulio R. Prieto

Sworn to before me this
1st day of October, 2007

_____
NOTARY PUBLIC

CHRISTOPHIL B. COSTAS
Notary Public, State of New York
No. 31-0773693
Qualified in New York County
Commission Expires April 30, 2011

11

# EXHIBIT 1

| CONSIGNEE | | B/L No. |
|---|---|---|
| HANJIN TRANSPORTATION CO., LTD. O/B OF | | HJTC07070200LK01 |
| =AS PER ATTACHED RIDER= | | |

Hanjin Transportation Co., Ltd.

**CONSIGNEE**
GULF AGENCY DENIZCILIK A.S
TEL) 90 212 542 8688 FAX) 90 212 542 8684

**C O P Y**
**NON-NEGOTIABLE**

ALL TERMS, CONDITIONS
AND EXCEPTIONS AS PER
ORIGINAL BILL OF LADING

**NOTIFY PARTY**
SAME AS CONSIGNEE

| PRE-CARRIAGE BY | PLACE OF RECEIPT | | |
|---|---|---|---|
| VESSEL/VOYAGE NO. MV MIAMI MAIDEN | | | |
| PORT OF LOADING INCHON, KOREA | PORT OF DISCHARGE DILISKELESI, TURKEY | PLACE OF DELIVERY | FINAL DESTINATION(FOR THE MERCHANT REF.) DILISKELESI, TURKEY |

PARTICULARS FURNISHED BY CONSIGNOR/SHIPPER

| CONTAINER NO. & SEAL NO. MARKS AND NO. | NO. & KINDS OF CONTAINERS OR PACKAGES | DESCRIPTION OF GOODS | GROSS WEIGHT | MEASUREMENT |
|---|---|---|---|---|
| | 2,775PKGSES | "SHIPPER'S LOAD & COUNT" SAID TO CONTAIN: STEEL PRODUCTS =AS PER ATTACHED RIDER= SHIPPER'/CHARTERERS' LOAD, STOW, SECURE&TALLY, SHIP'S N/R FOR THE SAME. * STORED AT OPEN YARD, WETTED BY RAIN PRIOR TO LOADING. * PARTLY TO MODERATELY RUSTY AND PARTLY SCRATCHED/CHAFED * ON SURFACE PRIOR TO LOADING. ONE HUNDRED THIRTY-EIGHT(138)BUNDLES:ONE(1)OR TWO(2) STEEL WIRE WERE CUT OFF PRIOR TO LOADING. | 10,681.279MT | |

ON BOARD DATE:
JUL.26,2007

"FREIGHT PREPAID"
BULK

EXCESS VALUE DECLARATION(REFER TO §0-4.3):

| TOTAL NUMBER OF CONTAINERS OR PACKAGES(IN WORDS) | SAY : TWO THOUSAND SEVEN HUNDRED AND SEVENTY FIVE (2,77 | FREIGHT PAYABLE AT |
|---|---|---|
| FREIGHT & CHARGES FREIGHT PREPAID AS ARRANGED | PREPAID | COLLECT |

| PLACE AND DATE OF ISSUE INCHON, KOREA  JUL.26,2007 HJTC07070200LK01 | NO. OF ORIGINAL B/L THREE(3) | SIGNATURE AS AGENT FOR AND ON BEHALF OF THE MASTER Hanjin Transportation Co., Ltd. |
|---|---|---|

# MATE'S RECEIPT

| | | |
|---|---|---|
| ①Shipper<br>HANJIN TRANSPORTION CO.,LTD. O/B OF<br>- AS PER ATTACHED RIDER - | Date of issue | ⑧S/O NO. |
| ②Consignee<br>GULF AGENCY DENIZCILIK A.S<br>TEL) 90 212 542 8688 FAX) 90 212 542 8684 | SEOHAE MARINE SERVICE CO.,LTD<br><br>RM A-306, CHEONG SUCK BLDG, 7-241<br>3-GA, HINHEUNG-DONG, CHUNG-GU<br>INCHEON, KOREA | |
| ③Notify Party<br>SAME AS CONSIGNEE | | |
| ④Vessel<br>MV. MIAMI MAIDEN | ⑤Voyage No. | ⑨B/L No<br>HJTC070702DLK01 |
| ⑥Port of Loading<br>INCHON, KOREA | ⑦Port of Discharge<br>DILISKLESI, TURKEY | ⑩Final Destination |

The undermentioned cargo apparent good order and condition unless otherwise noted below

| ⑪Mark And Number | ⑫No. of Pkg's | ⑬Description - Goods | ⑭Gross Weight | ⑮Measurement |
|---|---|---|---|---|
| | 2,775 P'KGS | "SHIPPER'S LOAD & COUNT"<br>SAID TO CONTAIN :<br><br>STEEL PRODUCTS<br><br>= AS PER ATTACHED RIDER =<br>SAY : TWO THOUSAND SEVEN HUNDRED SEVENTY FIVE (2,775) PACKAGES ONLY | 10,681.279 MT | |

⑯Remarks SHIPPERS/CHARTERERS LOAD, STOW, SECURE & TALLY, SHIP'S M/R FOR THE SAME.
- STORED AT OPEN YARD, WETTED BY RAIN PRIOR TO LOADING.
- PARTLY TO MODERATELY RUSTY AND PARTLY SCRATCHED/CHAFED ON SURFACE PRIOR TO LOADING.
- ONE HUNDRED THIRTY-EIGHT (138) BUNDLES : ONE(1) OR TWO(2) STEEL WIRE WERE CUT OFF PRIOR TO LOADING.

This receipt is given subject to all the conditions of the principal Bill of Lading
RECEIVED ON BOARD

⑰By : _[signature]_

⑱No. of packages _____

⑲Stowed in hatch No _____

⑳Date _____

SEOHAE MARINE SERVICE CO.,LTD.

_W. R. Yoon_

By : _____

= ATTACHED RIDER =
B/L NO. HJTC070702DLK01

| NUMBER | SHIPPER | RECEIVERS | ITEM | PACKAGES | G/WEIGHT(MT) |
|---|---|---|---|---|---|
| 01 | HYUNDAI STEEL COMPANY | BOGAC PROFIL DEMIR CELIK SAN TIC AS | STRUCTURAL PROFILE STEEL BEAMS | 925 | 3,517.693 |
| 02 | HYUNDAI STEEL COMPANY | CEPA CELEBCIOGLU ITH. MUM. A.S. | STRUCTURAL PROFILE STEEL BEAMS | 1,584 | 6,168.247 |
| 03 | HYUNDAI STEEL COMPANY | CEPA CELEBCIOGLU ITH. MUM. A.S. | STRUCTURAL PROFILE STEEL BEAMS | 266 | 995.339 |
| | TOTAL | | | 2,775 | 10,681.279 |

DILISKLESI
TURKEY

# EXHIBIT 2

24-SEP-2007 13:05    AGIR HADDECILIK    0216 4707683    P.01

# Hanjin Transportation Co., Ltd.

B/L No.

HYUNDAI STEEL COMPANY
6, 2 KA, SUNMOON RO CHONGRO KU
SEOUL 100-062, KOREA

CONSIGNEE
TO THE ORDER OF HANKOOK LIFE KHOI VE KALKINMA
BANKASI A.S.

NOTIFY PARTY
BOGAC PROFIL DEMIR CELIK SAN TIC AS /
YAVUZLAR CAD ZALOGLU SOKAK -
CEYLAN HAN NO.1 KAT:3
MENISALIHA ISTANBUL TURKEY

PLACE OF RECEIPT

VESSEL/VOYAGE NO.

PORT OF LOADING: INCHON, KOREA PORT

PORT OF DISCHARGE: GEMLIK MARMARA

PLACE OF DELIVERY

FINAL DESTINATION (FOR THE MERCHANT)

CONTAINER NO. & NO. & KINDS OF CONTAINERS OR PACKAGES / DESCRIPTION OF GOODS / GROSS WEIGHT / MEASUREMENT
(PARTICULARS FURNISHED BY CONSIGNOR/SHIPPER)

3 BUNDLES

SAID TO CONTAIN
3517.068MT OF STRUCTURAL PROFILE STEEL BEAMS
QUALITY GRADE: SS2753JR

*CLEAN ON BOARD
*FREIGHT PREPAID
*MILL PRODUCER : HYUNDAI STEEL COMPANY
*L/C REF. NUMBER BOGAC 2.285000
*WILL BEFORE SHIPMENT, CARGO ATMOSPHERIC RUST AND/OR
  PARTLY STAINED, CARGO LOADED WET FROM OPEN AREA
*COLOUR MARKING RED

THIS B/L IS TO CONSTITUTE
CONCLUSIVE EVIDENCE OF THE NUMBER OF BUNDLES
SHIPPED ON ON BOARD
AS PER ATTACHED RIDER

SIZE
DESTINATION: DII ISKELESI
LENGTH
QUALITY
PRODUCER: HYUNDAI STEEL COMPANY
PO NO. 11038057001

FREIGHT PREPAID
BULK

GROSS VALUE DECLARATION (REFER TO §11-4, 3):

TOTAL NUMBER OF CONTAINERS / PACKAGES (IN WORDS)      SAY      THREE (3) BUNDLES ONLY

FREIGHT & CHARGES    PREPAID / COLLECT

FREIGHT PREPAID AS ARRANGED

FREIGHT PAYABLE AT

ON BOARD DATE: SEP 20 2007

PLACE AND DATE OF ISSUE                 NO. OF ORIGINAL B/L: THREE (3)
INCHON/20 SEP 2007

B/L NO. HJSCO70720BK001

SIGNATURE
AS AGENT FOR AND ON BEHALF OF THE MASTER
AS CARRIER
Hanjin Transportation Co., Ltd.

ORIGINAL

14-SEP-2007 13:06  AGIR HADDECILIK  0216 4707683  P.02

## ATTACHED RIDER (B/L NO.:HJTC070702DLK001)

LOT.1

| GRADE | SIZE | LENGTH (MTR) | THEORETICAL WEIGHT PER BUNDLE(MT) | NUMBER OF PIECES PER BUNDLE | NUMBER OF BUNDLES PER SIZE | NUMBER OF PIECES | THEORETICAL WEIGHT PER SIZE(MT) |
|---|---|---|---|---|---|---|---|
| 275JR | HEA 300 | 12.00 | 3.180 | 3 | 82 | 246 | 260.760 |
| 275JR | HEA 320 | 12.00 | 2.342 | 2 | 1 | 2 | 2.342 |
| 275JR | HEA 320 | 12.00 | 3.513 | 3 | 30 | 90 | 105.390 |
| 275JR | HEA 400 | 12.00 | 3.000 | 2 | 6 | 12 | 18.000 |
| 275JR | HEA 400 | 12.00 | 4.500 | 3 | 64 | 192 | 288.000 |
| 275JR | HEA 450 | 12.00 | 3.360 | 2 | 48 | 96 | 161.280 |
| 275JR | HEA 500 | 12.00 | 3.720 | 2 | 83 | 166 | 308.760 |
| 275JR | HEA 550 | 12.00 | 3.984 | 2 | 40 | 80 | 159.360 |
| 275JR | HEA 600 | 12.00 | 4.272 | 2 | 61 | 122 | 260.592 |
| 275JR | HEA 700 | 12.00 | 2.448 | 1 | 106 | 106 | 259.488 |
| 275JR | HEB 300 | 12.00 | 4.212 | 3 | 61 | 183 | 256.932 |
| 275JR | HEB 320 | 12.00 | 4.572 | 3 | 23 | 69 | 105.156 |
| 275JR | HEB 400 | 12.00 | 5.580 | 3 | 37 | 111 | 206.460 |
| 275JR | HEB 450 | 12.00 | 4.104 | 2 | 26 | 52 | 106.704 |
| 275JR | HEB 500 | 12.00 | 4.488 | 2 | 46 | 92 | 206.448 |
| 275JR | HEB 550 | 12.00 | 4.776 | 2 | 22 | 44 | 105.072 |
| 275JR | HEB 600 | 12.00 | 5.088 | 2 | 30 | 60 | 152.640 |
| 275JR | HEB 700 | 12.00 | 2.892 | 1 | 55 | 55 | 159.060 |
| 275JR | IPE 300 | 12.00 | 2.530 | 5 | 1 | 5 | 2.530 |
| 275JR | IPE 300 | 12.00 | 3.036 | 6 | 28 | 168 | 85.008 |
| 275JR | IPE 330 | 12.00 | 2.945 | 5 | 18 | 90 | 53.010 |
| 275JR | IPE 450 | 12.00 | 4.655 | 5 | 11 | 55 | 51.205 |
| 275JR | IPE 600 | 12.00 | 4.392 | 3 | 45 | 135 | 197.640 |
| 275JR | IPE 600 | 12.00 | 5.856 | 4 | 1 | 4 | 5.856 |
| | | | | | 925 | 2235 | 3,517.693 |

